**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                  No. 02-4654

SONIA LORENA BROWN,
             *Defendant-Appellant.*

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                  No. 02-4695

SONIA LORENA BROWN,
             *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-01-104-V)

Submitted: October 1, 2003

Decided: October 20, 2003

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU
OKWARA, Charlotte, North Carolina, for Appellant. Robert J. Con-

rad, Jr., United States Attorney, Jack M. Knight, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Sonia Lorena Brown appeals her conviction and 121 month sentence imposed by the district court following her guilty plea to a single count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841, 846 (2000). Having reviewed each of Brown's claims in turn and finding no reversible error, we affirm.

Brown first claims that the district court erred by not adjusting her sentence downward for acceptance of responsibility or under the safety valve provision of the sentencing guidelines. *See* 18 U.S.C. § 3553(f) (2000); *U.S. Sentencing Guidelines Manual* §§ 2D1.1(b)(6), 3E1.1, 5C1.2 (2001). These claims, in essence, attack the district court's determination that Brown was not truthful with the Government in regard to her role in the offense. We review the district court's application of the Sentencing Guidelines giving due regard to the opportunity of the trial court to judge the credibility of witnesses. 18 U.S.C. § 3742(e) (2000). Credibility determinations receive deference unless they are without support in the record. *United States v. Brown*, 944 F.2d 1377, 1379-80 (7th Cir. 1991). Here, the district court had ample opportunity to observe both Brown's demeanor and the substance of her testimony. The court also had an opportunity to consider the allegations of the Government and Brown in the numerous filings that preceded the sentencing hearing itself. Accordingly, we cannot say that the district court clearly erred in its factual finding that Brown had been untruthful. On the basis of this finding, it follows that Brown was ineligible for either an acceptance of responsibility reduction or for application of the safety valve. These claims are denied.

Brown next claims that the district court erred in failing to award a downward departure. In the absence of a plea agreement providing otherwise, the Government's decision not to move for a departure is reviewable only if the Government's decision is based on an unconstitutional motive or is not related to a legitimate government purpose. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992). A district court's decision not to depart is not reviewable on appeal unless the court mistakenly believed it lacked the authority to depart. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999). There has been no showing of either prerequisite in this matter. Accordingly, the district court's refusal to award a downward departure is not reviewable.

Brown's final claim is that the district court failed to find a violation of her Sixth Amendment right to counsel based on an interview conducted by the Government outside of the presence of her counsel. Even if Brown could demonstrate error in the Government's actions, she has demonstrated no prejudice because nothing she said at the second interview was used against her. Absent any perceptible showing of harm, we conclude that error, if any, was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24 (1967).

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*